IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THERESA GAIL MILLER                          )
as the personal representative of the        )
estate of RANDALL LEON MILLER,               )
deceased,                                     )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )        CIVIL ACTION NO. 2:14cv1105-TFM
                                              )                        (WO)
CAROLYN W. COLVIN,                            )
Acting Commissioner of Social Security,       )
                                              )
            Defendant.                        )

**MEMORANDUM OPINION**

**I.  Introduction**

Theresa Gail Miller as the personal representative of the estate of Randall Leon Miller

("Miller" or "Plaintiff"), alleges that the decedent was unable to work because of a disability.

His application was denied at the initial administrative level.  Plaintiff then requested and

received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the

ALJ found that Plaintiff was not under a "disability" as defined in the Social Security Act

and denied Plaintiff's claim for benefits.  The Appeals Council rejected a subsequent request

for review.   Consequently, the ALJ's decision became the final decision of the

Commissioner of Social Security (Commissioner).[1]  *See  Chester v. Bowen*, 792 F.2d 129,

---

[1]  Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

131 (11th Cir. 1986).  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of

final judgment by the United States Magistrate Judge.  The case is now before the court for

review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3).   Based on the court's review of the

record in this case and the parties' briefs, the court concludes that the Commissioner's

decision should be AFFIRMED.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory
diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

#### A.  The Commissioner's Decision

Miller was 49 years old at the time of the hearing and had completed the ninth grade.

R. 36, 38.  He previously worked as a welder.  R. 39.  Plaintiff alleges that the decedent

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

became disabled on June 22, 2011, from neck surgery, muscle spasms, back pain, and depression. R. 43-45, 48.  After the hearing, the ALJ found that Miller suffers from severe impairments of status post discectomy with foraminotomies and anterior fusion at C4-5; degenerative disc disease/lumbago; depression, NOS; anxiety, NOS, and obesity and non-severe impairments of hypertension and hyperlipidemia. R. 14.  The ALJ found that Miller was unable to perform his past relevant work, but that he retained the residual functional capacity to perform light work with limitations.  Specifically, the ALJ found:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity, generally, to perform light exertional work as defined in 20 CFR 404.1567(a) and 416.967(b).  The undersigned further finds, however, that the full range of light work that could be performed by the claimant is reduced by the following exertional and non-exertional, functional limitations: the claimant would be required to have a sit/stand option to relieve pain and discomfort and is able to ambulate short distances of up to 20 minutes in duration per instance.  He can frequently use hand controls and is able to occasionally reach overhead.  He can reach in all other directions frequently, as well as frequently handle, finger and feel.  He can never climb ladders or scaffolds but could occasionally climb ramps and stairs.  He is able to frequently balance and stoop and occasionally crouch and kneel, but never crawl.  He should be exposed to no more than moderate noise levels.  The claimant should never be exposed to unprotected heights, dangerous machinery, dangerous tools or hazardous processes or drive a commercial vehicle.  He can tolerate frequent exposure to weather, atmospheric conditions, humidity, wetness and extreme heat.  He can tolerate occasional exposure to extreme cold and workplace vibration.  The undersigned further finds that the claimant would be limited to routine and repetitive tasks, routine work-related decisions but would be unable to perform at production rate pace but could do goal-oriented work.  He can maintain frequent interaction with supervisors, co-workers and the general public.  He would be able to accept constructive nonconfrontational criticism, work in small group settings and be able to accept changes in the work place setting if introduced gradually and infrequently.  Any time off-task would be accommodated by normal workday breaks.

R. 16-17.

Testimony from a vocational expert led the ALJ to conclude that a significant number of jobs exist in the national economy that Miller could perform, including work as an electronics worker, laundry worker, or arcade attendant. R. 21. Accordingly, the ALJ concluded that Miller was not disabled. *Id.*

### B.  The Plaintiff's Claims

Miller presents the following issues for review:

(1)    The Commissioner's decision should be reversed because the ALJ committed multiple legal errors in his consideration of the opinion of Dr. Alan Young, Miller's treating physician.

(2)    The Commissioner's decision should be reversed because the ALJ fails to comply with Social Security Regulation 96-9p in addressing Miller's need for a sit/stand option.

Doc. No. 15, p. 4.

## IV. Discussion

### A.  The Treating Physician's Opinion

Miller argues that the ALJ improperly rejected his treating physician's opinion about the severity of his limitations.  In essence, Plaintiff argues that if the ALJ accepted Dr. Young's assessment about his physical impairments, he would be found disabled.  On July 2, 2015, Dr. Alan Young, an internist at Enterprise Medical Clinic, completed a clinical assessment of pain form, in which he found that pain is present to such an extent as to be distracting to adequate performance of daily activities or work, that physical activity greatly increases pain to such a degree as to cause distraction from tasks or total abandonment of a

task, and that the side effects of prescribed medication can be expected to be severe and to limit effectiveness due to distraction, inattention, and drowsiness.  R. 282.  Dr. Young also completed a physical capacities evaluation form, in which he found that Miller can lift no more than fifty pounds occasionally and twenty-five pounds frequently, that he can sit no more than four hours a day and stand or walk no more than two hours a day, that he can rarely climb or reach, that he can occasionally engage in gross and fine manipulation and bend or stoop, that he can frequently operate motor vehicles, work around hazardous machinery, and be exposed to environmental problems, and that he is likely to be absent from work no more than two days per month.  R. 283.

The law is well-settled; the opinion of a claimant's treating physician must be accorded substantial weight unless good cause exists for not doing so.  *Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985). The Commissioner, as reflected in the regulations, also demonstrates a similar preference for the opinion of treating physicians.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

*Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 CFR § 404.1527 (d)(2)). The ALJ's failure to give considerable weight to the treating physician's opinion is reversible error.  *Broughton*, 776 F.2d at 961-2; *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982).

However, there are limited circumstances when the ALJ can disregard the treating physician's opinion.  The requisite "good cause" for discounting a treating physician's opinion may exist where the opinion is not supported by the evidence, or where the evidence supports a contrary finding.  *See Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). Good cause may also exist where a doctor's opinions are merely conclusory; inconsistent with the doctor's medical records; or unsupported by objective medical evidence.  *See Jones v. Dep't. of Health & Human Servs.*, 941 F.2d 1529, 1532-33 (11th Cir. 1991); *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991); *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987). The weight afforded to a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence of the claimant's impairment. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986).  The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983).  The ALJ must articulate the weight given to a treating physician's opinion and must articulate any reasons for discounting the opinion.  *Schnorr*, 816 F.2d at 581.

After reviewing all the medical records, the ALJ discounted the opinion of Dr. Young as set forth in the physical capacities assessment and pain forms based on the following:

> A careful review of the evidence shows that the claimant has been treated for complaints of pain.  However, the evidence as a whole fails to corroborate the claimant's contentions of disabling symptoms and limitations due to his impairments.  The evidence shows that the claimant has a sporadic history of treatment for his complaints of pain and other symptoms and limitations.  He does not have a regular, ongoing history of treatment and treatment measures have been appropriate in nature.  Although the claimant

7

sustained an on-the-job injury in 2011, he reported complete resolution of the right upper extremity symptoms (Exhibit 1F).

Regarding the claimant's complaints of ongoing back pain, the record does not contain objective signs and findings consistent with the disabling limitations alleged. The medical evidence shows that the claimant benefited from prescribed treatment and examinations of the claimant have been essentially normal. Clinical and diagnostic findings have not shown abnormalities which could be expected to produce the disabling symptoms and treatment measures have been generally effective, when the claimant complied with recommended treatment (Exhibits 3F, 4F and 6F).

The restrictions indicated by Dr. Young in his medical source statement (MSS) are inconsistent with his observations in June 2013, when his examination was essentially normal except for some paralumbar tenderness (Exhibit 7F). R. 19. He did not indicate that he believed the claimant to be disabled and recommended no restrictions. No treating, examining, or consulting physician has indicated that the claimant experiences symptoms to such a degree as to render him totally disabled and the claimant's symptoms are controlled primarily with medication. The claimant's allegations are disproportionate to the objective medical evidence.

R. 19.

In addition, the ALJ acknowledged that Dr. Young "has a long treatment relationship" with Miller and assigned "partial weight" to Dr. Young's opinion "to the extent it is consistent with the objective medical evidence and findings herein (Exhibits 4F, 6F-7F)." R. 19.

The ALJ's determination is supported by substantial evidence. The extreme limitations identified by Dr. Young in the physical capacity evaluation and clinical assessment of pain forms are not supported by his own treatment records. The medical records indicate that Miller sought treatment from Dr. Young and other physicians for his back and neck condition on a sporadic basis. On July 12, 2011, Miller presented to Dr.

Young with complaints of neck pain and muscle spasms.  R. 257.  Upon reviewing an MRI,

Dr. Young assessed a herniated cervical disk at C5-6 and prescribed Naprosyn, Soma, and

Lortab.  R. 258.  On August 16, 2011, Dr. Frank S. Hodges, an orthopedic surgeon,

performed an anterior cervical diskectomy and fusion C5-6 with plate and allograft.  R. 218-

221.  A radiology report indicated "anatomic alignment following anterior discectomy spacer

placement and fusion at C5-6."  R. 223.

On November 17, 2011, Miller went to Dr. Connie Chandler at Dale Medical Center

complaining of severe lower back pain and difficulty walking after falling at Piggly Wiggly.

R. 252.   Dr. Chandler found no symptoms of "painful cervical spine."  *Id*.  An x-ray

indicated minimal spur formation, no fractures, and an otherwise normal lumbar spine.  R.

251.  Dr. Chandler's diagnostic impression was "acute L/S sprain."  R. 252. Upon discharge,

Miller was prescribed Toradol and Lortab.  R. 253.

The record contains no medical treatment notes until July 3, 2012, when Miller

returned to Dr. Young complaining of back pain and muscle spasms since a motor vehicle

accident in January 2012.  R. 259.  Miller reported that his pain was stable with his current

medication.  R. 259.  A physical exam indicated normal range of motion with tenderness in

the thoracic lumbar sacral, paralumbar, and parathoracic regions.  R. 260.  Dr. Young

diagnosed Miller as suffering from hyperlipidemia, lumbago, and lumbar disk disease and

prescribed Naprosyn, Soma, and Lortab as needed.  R. 261.

Eleven months later on June 4, 2013, Miller presented to Dr. Young with complaints

of severe neck and lower back pain.  R. 272.  Dr. Young's examination indicated normal

symmetry, tone, strength, and range of motion with no instability.  Dr. Young diagnosed Miller as suffering from anxiety and depression, benign essential hypertension, and lumbar disk disease and prescribed Xanax, Celexa, Naprosyn, and Lortab.  R. 275.

The medical records indicate that pain medication alleviated some of Miller's symptoms, that he reported no side effects, and that he sought treatment for his impairments on a sporadic basis.  Nothing in the record indicates that Dr. Young or any other physician recommended Miller refrain from work or other physical activity during the relevant time period.  This court therefore concludes that the discounting of Dr. Young's opinion that Miller suffers from extreme limitations on the basis that the treating physician's opinion is inconsistent with the medical records is supported by substantial evidence.

### B.  The Social Security Rulings

Plaintiff argues that the ALJ erred in assessing his residual functional capacity to perform light work because he did not provide a function-by-function assessment of Miller's work-related abilities in accordance with SSR 96-8p.  In addition, Plaintiff contends that the ALJ erred in failing to specify the frequency that he would need to alternate between sitting and standing in violation of SSR 96-9p.

Social security rulings do not have the force and effect of statutes or regulations.  *See Orn v. Astrue,* 495 F.3d 625, 636 (9th Cir. 2007)*; Fagan v. Astrue*, 231 Fed. Appx. 835, 837 fn.2 (10th Cir. 2007); *Walker v. Sec'y of Health & Human Servs.,* 943 F.2d 1257, 1295 (10th Cir. 1991); *Paxton v. Sec'y of Health & Human Servs.,* 856 F.2d 1352, 1356 (9th Cir. 1988).

10

However, the Rulings are generally entitled to deference.  *Fagan*, 231 Fed. Appx. at 837.
In this case, the ALJ gave sufficient deference to the Rulings when making his residual
functional capacity finding.

Social Security Ruling 96-8p requires that the ALJ consider all the evidence and
assess the plaintiff's ability to do work-related activities, including sitting, standing, walking,
lifting, carrying, pushing, and pulling.  See SSR 96-8p at *3, *5 (1996).  SSR 96-8p provides
that, at Step 4 of the sequential evaluation, the RFC should not be expressed in terms of
exertional categories.  *Id.*  At Step 5, however, the RFC must be expressed in terms of the
exertional categories, such as "sedentary," "light," "medium," or "heavy."  *Id*. Cx

The court finds that the ALJ adequately evaluated Miller's functional limitations and
restrictions.  The ALJ determined that Miller "has the residual functional capacity, generally,
to perform light exertional work" as defined in 20 C.F.R. 404.1567 and 416.967 with
limitations.  R. 16.  The Regulations provide in part:

> Light work involves lifting no more than 20 pounds at a time with
> frequent lifting or carrying of objects weighing up to 10 pounds.  Even though
> the weight lifted may be very little, a job is in this category when it requires
> a good deal of walking or standing, or when it involves sitting most of the time
> with some pushing and pulling of arm or leg controls.  To be considered
> capable of performing a full or wide range of light work, you must have the
> ability to do substantially all of these activities.  If someone can do light work,
> we determine that he or she can also do sedentary work, unless there are
> additional limiting factors such as loss of fine dexterity or inability to sit for
> long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

In his determination, the ALJ discussed Miller's allegations, daily activities, and

medical records.  In addition, he discussed Miller's impairments and subjective complaints and determined that the record indicated that Miller had the residual functional capacity to perform light work with certain limitations.  The ALJ found that, based on the testimony of the vocational expert and considering Miller's age, education, work experience, and residual functional capacity, Miller was capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  Only after establishing that Miller could perform light work so long as he had a sit-stand option to relieve pain and discomfort and ambulated short distances no more than 20 minutes in duration per instance, did the ALJ determine that other jobs exist in the national economy that Miller could perform.

The ALJ considered both medical and non-medical evidence in the record before determining Miller has the residual functional capacity to perform light work with limitations.  The purpose of the function-by-function analysis requirement is to ensure that the ALJ determines, based on the entire record, that the claimant is able to perform the functions required in a particular classification of work.  An "analysis of the evidence and statement that [the claimant] could perform [light] work indicate[s] how much work-related activity [the claimant can] perform" because SSR 96-9p defines the amount of and type of work-related activity required for light work.  *Freeman v. Barnhart*, 220 Fed. Appx. 957, 960 (11th Cir. 2007); *Eubanks-Glades v. Colvin*, No. 13-60029-CIV, 2013 WL 6116810, *14 (S.D. Fla., Nov. 20, 2013).  In this jurisdiction, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable the court to conclude that

[the ALJ] considered [his] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). A review of the ALJ's opinion indicates to the court that the ALJ did consider Miller's medical condition as a whole in making his residual functional capacity determination and, therefore, fulfilled the requirement of a function-by-function analysis. *Castel v. Commissioner of Social Security*, 355 Fed. Appx. 260, 263 (11th Cir. 2009).

Plaintiff argues that the ALJ failed to specify the frequency of Miller's need to alternate sitting or standing. The reasonable implication, however, is that Miller could sit or stand on his own volition. *See Williams v. Barnhart*, 140 F. App'x 932, 937 (11th Cir. 2005). In addition, the ALJ analyzed Miller's residual functional capacity and articulated specific limitations for the vocational expert to consider, including a sit/stand option, and the expert made an individualized assessment of his ability to procure employment. As such, any error on the part of the ALJ to provide a more comprehensive function-by-function assessment of Miller's limitations is harmless under these circumstances. *See Howard v. Colvin*, No. 2:13cv-00140-B, 2014 WL 3767595 (S.D. Ala. July 31, 2014).

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled. Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate order will be entered.

DONE this 1st day of December, 2015.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE